IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Sandpiper CDN, LLC,<br><br>   *Plaintiff*,<br><br>  v.<br><br>Comcast Cable Communications, LLC d/b/a Xfinity; Comcast Cable Communications Management, LLC d/b/a/ Comcast Technology Solutions; and Comcast Corporation.<br><br>   *Defendants*. | Civil Case No. 2:24-cv-00886-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

  (a) the correct names of the parties to the lawsuit;

  (b) the name, address, and telephone number of any potential parties;

  (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

  (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

  (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f) any settlement agreements relevant to the subject matter of this action; and

  (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

  (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

      i.      If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

      ii.     If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of

the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with the limitations set forth below. For purposes of this paragraph, Plaintiff Sandpiper CDN, LLC constitutes one "side" while Defendants Comcast Cable Communications, LLC d/b/a Xfinity, Comcast Cable Communications Management, LLC d/b/a/ Comcast Technology Solutions, and Comcast Corporation collectively constitute the other "side."

   (a) **Interrogatories.** Twenty-five (25) interrogatories per side.

   (b) **Requests for Admission.** Thirty (30) requests for admission (RFAs) per side. RFAs directed to the authenticity or status of a document as prior art do not count against the RFA limit.

   (c) **Depositions of Fact Witnesses.** Each side is permitted up to seventy-five (75) hours of fact depositions, inclusive of both Rule 30(b)(1) and Rule 30(b)(6) depositions. Each side shall be limited to no more than eleven (11) separate fact depositions. No witness may be deposed for longer than seven (7) hours, regardless of whether the witness testifies pursuant to Rule 30(b)(1), Rule 30(b)(6), or both. Absent agreement of the witness, no deposition shall begin prior to 9:00 a.m. local time or extend beyond 8:00 p.m. local time. Any party witness who resides outside the United States shall be made available for deposition in the United States and any deposition time requiring a translator shall be counted in an amount equal to 50% of the actual time incurred and may be continued an additional day at the

        request of the witness if the actual time incurred on the first day exceeds seven (7) hours.

(d) **Depositions of Expert Witnesses.** Each expert may be deposed for up to seven (7) hours in a single day by the opposing side, regardless of how many reports are submitted by that expert. Redirect questioning is not limited by this timing requirement. Expert depositions, except those taken as part of claim construction discovery, must be taken after an expert has submitted all of his or her opinions in the case. In order to streamline the scheduling of expert depositions, on or before the deadline to serve rebuttal expert disclosures, each expert must provide a location and date during the timeframe provided for in the Docket Control Order on which he or she is available for deposition. Depositions of expert witnesses will not count towards the limitations in Paragraph 5(c).

(e) **Third-Party Discovery.** The parties may serve subpoenas on third parties seeking the production of documents and/or testimony. The parties will serve each other with copies of any third-party subpoenas on the same date the subpoena or notice is served on the third party. The parties will serve each other with copies of any documents produced by third parties within five (5) days of receipt of the documents or, if the documents are received less than seven (7) days from the date of any deposition of the third party, within two (2) days of receipt. The parties must coordinate on mutually agreeable dates for third-party depositions. Depositions of third-party witnesses will not count towards the limitations in Paragraph 5(c).

(f) **Claim Construction Discovery.** One side may offer a fact or expert witness declaration in support of its claim construction positions and the other side may

    depose that witness for up to four (4) hours within the timeframe provided for in the Docket Control Order. Depositions regarding claim construction do not count towards the limitations in Paragraphs 5(c) and 5(d) above.

(g) The parties should keep in mind the need to avoid subjecting any person to repeated depositions. As a general rule, no witness should be deposed on the same subject more than once in this litigation.

(h) The parties shall endeavor not to set forth Rule 30(b)(6) topics pertaining to related subject matter in separate Rule 30(b)(6) notices and shall work to avoid unnecessarily seeking testimony on related subjects (as to which a single representative may be expected to testify) in separate Rule 30(b)(6) deposition notices. The parties further agree to provide reasonable notice to each other in advance of a Rule 30(b)(6) deposition of both the deponent(s) and the topic that the deponent(s) will address. The parties also agree that, as to the deponent designated by the responding party, if the noticing party desires an individual deposition of that deponent, both the individual deposition and the 30(b)(6) deposition will be taken in a single continuous deposition, to the extent practicable.

(i) **Modification.** Any party may move to modify these limitations for good cause.

6. **Privileged Information.**  There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess

the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**
    (a)  Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures,

serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's

        lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

    (f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10. No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11. Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12. Proposed Stipulations by the Parties Regarding Discovery.**

    (a)    The parties are finalizing a stipulated Order regarding e-discovery and will file it with the Court. The parties agree that all electronic discovery produced in this case will comply with the e-discovery order once it has been entered by the Court.

    (b)    The parties agree there is to be no discovery served (e.g., interrogatories) regarding the processes or procedures used by any party to search for, collect, review, and produce documents in this case (i.e., there is to be no "discovery on discovery")

        absent a finding by the Court pursuant to the procedures outlined Paragraph 9 that a party failed to meet its discovery obligations.

(c)     The parties agree that communications between a party and/or its counsel and any party's expert witness is not discoverable in this matter, unless relied upon by the expert in forming any opinions in this litigation. As used in this paragraph "communications" refers to email correspondence, draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation, any comments contained therein, call summaries and/or call notes, and any notes taken by any individual during in-person meetings or teleconferences.

(d)     The parties agree that the party taking a deposition may appear remotely using a secure, web-based platform. If the noticing party chooses to conduct the deposition in person, then the defending party is responsible for arranging the location of the deposition in a city convenient for the witness. For the avoidance of doubt, nothing in this section shall prevent an attorney defending a deposition from being present in the same room as the deponent during the deposition.

(e)     Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding.

(f)     The privilege logs exchanged in accordance of Paragraph 6 will contain the following information for each item withheld or redacted for reasons of privilege, to the extent such information is reasonably available and providing such information will not destroy the privilege: (1) the name(s) of the individual(s) who

      created the document or, for electronic mail, the name(s) of the individual(s) who sent and received the document or a copy of it; (2) the date on which the document was sent or last modified; (3) a description of the nature of the document sufficient to enable the receiving party to assess the applicability of the privilege or protection; and (4) privilege(s) claimed. To the extent reasonably ascertainable, legal personnel shall be identified as such by adding an asterisk before or after their names in the privilege log. The parties agree that the parties shall not be required to log any privileged documents created on or after the date of the Complaint.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.