# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SANDPIPER CDN, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> COMCAST CABLE COMMUNICATIONS, § <br> LLC d/b/a XFINITY and COMCAST § <br> CABLE COMMUNICATIONS § <br> MANAGEMENT, LLC d/b/a COMCAST § <br> MANAGEMENT SOLUTIONS, § <br> § <br> Defendants. § <br> § | Case No. 2:24-cv-00886-JRG-RSP |

## COMCAST'S REPLY IN FURTHER SUPPORT OF
## ITS MOTION TO DISMISS OR TRANSFER

## TABLE OF CONTENTS

PAGE

I. At Least One Step of the Asserted Claims Must Be Performed in the District .................. 1

II. No Claims Steps Are Alleged to Be Performed in the District .......................................... 2

III. There Is No Evidence of Infringing Acts in the District ..................................................... 6

IV. Leave to Amend Is Futile ................................................................................................... 9

# TABLE OF AUTHORITIES

PAGE

**Cases**

*Advanced Software Design Corp. v. Fiserv, Inc.*,
  641 F.3d 1368 (Fed. Cir. 2011) .................................................................................... 3

*AML IP, LLC v. Bath & Body Works Direct, Inc.*,
  2024 WL 3825242 (E.D. Tex. Aug. 13, 2024) .............................................................. 1

*AML IP, LLC v. J.C. Penny Corp. Inc.*,
  2022 WL 10757631 (W.D. Tex. 2022) .......................................................................... 6

*Blackbird Tech LLC v. Cloudflare, Inc.*,
  2017 WL 4543783 (D. Del. Oct. 11, 2017) ................................................................... 6

*ChargePoint, Inc. v. SemaConnect, Inc.*,
  920 F.3d 759 (Fed. Cir. 2019) ....................................................................................... 2

*EMA Electromechanics, Inc. v. Siemens Corp.*,
  2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) .............................................................. 2

*Fare Techs. LLC v. Lyft, Inc.*,
  2023 WL 367696 (W.D. Tex. Jan. 23, 2023) ......................................................... 3, 7, 8

*Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*,
  290 F. Supp. 3d 599 (N.D. Tex. 2017) .......................................................................... 2

*Mirror Worlds, LLC v. Apple, Inc.*,
  784 F. Supp. 2d 703 (E.D. Tex. 2011) ........................................................................... 1

*Quartz Auto Techs. LLC v. Lyft, Inc.*,
  2021 WL 1177886 (W.D. Tex. March 29, 2021) ........................................................ 10

*RavenWhite Licensing LLC v. Home Depot, Inc.*,
  2024 WL 4329023 (E.D. Tex. Aug. 13, 2024) .............................................................. 6

*Seven Networks, LLC v. Google LLC*,
  315 F. Supp. 3d 933 (E.D. Tex. 2018) ....................................................................... 2, 6

**Statutes**

28 U.S.C. § 1391(c)(3) ......................................................................................................... 1

28 U.S.C. § 1400(b) ............................................................................................................. 1

## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| Pape Decl. | [Dkt. No. 21-2] Declaration of Shane Pape |
| Ex. A | [Dkt. No. 51-1] Comcast's Supplemental Responses & Objections to Sandpiper CDN's First Venue Interrogatories Nos. 1 and 3 |
| Ex. D | [Dkt. No. 51-4] Ex. 8 to Declaration of Shane Pape |
| Ex. E | [Dkt. No. 51-5] Ex. 15 to Declaration of Shane Pape |
| Ex. F | [Dkt. No. 51-6] Comcast Debuts CDN as Video Eats the World |
| Ex. G | [Dkt. No. 51-7] Comcast Launches Commercial CDN Service Allowing Content Owners to Deliver Content Via The Last Mile – Dan Rayburn – StreamingMediaBlog.com |
| Reply Ex. 1 | Excerpt of U.S. Patent No. 8,478,903 |
| Reply Ex. 2 | Excerpt of Ex. B to Sandpiper CDN's Infringement Contentions |
| Reply Ex. 3 | Excerpt of Deposition Transcript of Shane Pape |
| Reply Ex. 4 | Excerpt of U.S. Patent No. 7,013,322 |
| Reply Ex. 5 | Excerpt of U.S. Patent No. 9,762,692 |
| Reply Ex. 6 | Excerpt of U.S. Patent No. 9,628,347 |
| Reply Ex. 7 | Excerpt of U.S. Patent No. 9,660,876 |
| Reply Ex. 8 | Excerpt of Sandpiper CDN's Infringement Contentions |
| Reply Ex. 9 | COM_00015731 |
| Reply Ex. 10 | COM_00015732 |
| Reply Ex. 11 | Excerpt of Ex. D to Sandpiper CDN's Infringement Contentions |

Sandpiper CDN asserts only direct infringement of method claims. There is thus no dispute that, for venue to be proper, at least one step of each method must be performed in this District. Yet Sandpiper CDN offers no allegation or evidence that ***any*** steps of any of the Asserted Claims are performed here. Instead, Sandpiper CDN recasts its patents as claiming a content delivery network and argues that a portion of Comcast's network connects users in the District. That is insufficient as a matter of law because none of the claim steps are alleged to be performed by any of the users or equipment here. Since all of the allegedly infringing steps are performed outside the District, the case must be dismissed or, in the alternative, transferred.[1]

## I.     At Least One Step of the Asserted Claims Must Be Performed in the District

Actual practice of the specific claim steps is required for infringement of the asserted method claims. *See Mirror Worlds, LLC v. Apple, Inc.*, 784 F. Supp. 2d 703, 713 (E.D. Tex. 2011), *aff'd*, 692 F.3d 1351(Fed. Cir. 2012). Because "the use of a process necessarily involves doing or performing each of the steps recited," Comcast respectfully requests that this Court reconsider its prior approach and hold that a method is only performed within a district if each step is performed in that district.[2] *See AML IP, LLC v. Bath & Body Works Direct, Inc.*, 2024 WL 3825242, at *3 (E.D. Tex. Aug. 13, 2024) (citing *NTP, Inc. v. Rsch. in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005)). But regardless, it is undisputed that "***at least one step*** of each

---

[1] "Ex. _" refers to exhibits attached to the Response, and "Reply Ex._" refers to exhibits attached to the Reply Declaration of James Y. Park. All other terms are as defined in the motion.

[2] The Opposition's purported concern regarding venue being unavailable in any district, Opp. at 16, is misplaced because venue will always be proper in the judicial district where a U.S. defendant resides, 28 U.S.C. § 1400(b), or, in the case of a foreign defendant, in any district, 28 U.S.C. § 1391(c)(3). In any event, a plaintiff such as Sandpiper CDN that fails to adequately allege ***any*** act of infringement in the District cannot avail itself of the second prong of § 1400(b).

of the claims" must be performed in the District for venue to be proper. *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 944-45 (E.D. Tex. 2018) (emphasis added).

Sandpiper CDN's suggestion that the Court may accept its bare allegations of infringement for purposes of establishing venue is misplaced. Opp. at 2. Of course, the Court does not conduct an infringement analysis at this stage. However, where a defendant challenges a "complaint's characterization of its contacts with the forum district," courts must "demand proof of those contacts" and will not accept general allegations of infringement in the district as sufficient proof of a defendant's contacts with the forum. *EMA Electromechanics, Inc. v. Siemens Corp.*, 2022 WL 1241967, at *7 (W.D. Tex. Apr. 26, 2022) (citation omitted). Where, as here, "the defendant submits affidavits or evidence controverting specific facts alleged in the complaint, the Court is no longer required to accept those controverted facts as true." *Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 605-06 (N.D. Tex. 2017).[3]

Here, Sandpiper CDN's Complaint must be dismissed because it does not allege that any actual steps of the claimed methods are performed in the District and because venue discovery has shown that the accused conduct does not take place here.

## II. No Claims Steps Are Alleged to Be Performed in the District

The Complaint purportedly alleges that at least one step of each claim is performed in the District because "[e]ach asserted claim recites a content delivery network [CDN]" and the Complaint accuses the Comcast CDN, which allegedly includes Comcast's network in the District. Opp. at 4-5. But the Asserted Claims do not ***claim*** a CDN or any other system or

---

[3] The Court also must not accept as true Plaintiff's characterization of its patents that are inconsistent with the claims. On a motion to dismiss, the Court "must focus on the language of the Asserted Claims themselves." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 769 (Fed. Cir. 2019) (cleaned up).

apparatus; rather, each asserted claim recites a ***method***.  The inquiry therefore is not whether part of Comcast's network may be found in the District but whether any equipment allegedly "performs the method steps in [the] district."  *Fare Techs. LLC v. Lyft, Inc.*, 2023 WL 367696, at *2 (W.D. Tex. Jan. 23, 2023).  It does not.  None of the asserted claim steps are directed to actions allegedly taken by the user equipment or the transmission infrastructure located here.  And neither the Complaint nor the Opposition allege that the CDN servers that do perform the accused steps are in the District.

Instead, the Opposition asserts that certain claim steps "involve" users, clients, and the parts of the network that may be in the District.  But those limitations merely define the environment in which the method steps are performed; they are not themselves active steps of the method.  *Advanced Software Design Corp. v. Fiserv, Inc.*, 641 F.3d 1368, 1374 (Fed. Cir. 2011) (distinguishing between limitations establishing steps that must be performed for infringement and those defining the environment in which those steps must be performed).  Actual infringement is only accomplished through the performance of the active steps, which is not alleged to be done by users or the equipment in the District.  *Id.*  Once Sandpiper CDN's attempts to rewrite its claims are rejected (as they must be), venue cannot be sustained.

For example, the Opposition suggests that claim 28 of the '903 Patent covers a content delivery system, but it does not.  Opp. at 5.  Nor does the claim's method include the steps of "delivering content to client machines," transmitting requests by client machines, or conducting any other activity by the client machines.  *Id.*  Rather, the claim recites two steps of "associating" a shared repeater server with alias names and one step of "providing" a table listing origin servers, wherein the shared repeater server is adapted to analyze an alias name received with a client request using the table.  Reply Ex. 1 at Claim 28.  Sandpiper CDN nowhere alleges that the

3

"associating" and "providing" steps are performed in this District, and they are not. *Compare* Reply Ex. 2 at 28-30 ("Comcast CDN provides a table listing origin servers . . . . For example, the *remap.config* file, employed by Comcast CDN using Apache Traffic server (repeater server), maps FQDN with origin server address.") *with* Reply Ex. 3 at 149:14-20 ▮

▮

▮

▮ The allegation that Comcast's CDN serves Comcast customers in the District, Opp. at 5, is thus irrelevant—none of the patent's asserted claim steps recite delivering content to customers.[4] Similarly, whether an accused server outside the District may receive and analyze a request from a client device inside the District is irrelevant because it is the server elsewhere that allegedly performs the steps of receiving and analyzing.

The other Asserted Claims similarly lack any steps allegedly performed by "users" or equipment here. For example, Claims 11 and 16 of the '322 Patent claim the steps of "intercepting and modifying" messages that have been sent from or to a user, ***not*** the sending or receiving of the messages by the user. Reply Ex. 4 at Claims 11, 16. There is no allegation that the equipment that performs the "intercepting and modifying," or the subsequent "controlling" of routing of data (the only other step of the independent claims), is located here. Reply Ex. 3 at 149:14-20 ▮

Even more clearly, all steps of the two asserted independent claims of the '692 Patent are expressly performed "at a first server" except for the last step of claim 1, which recites action

---

[4] The Opposition's assertion that, in Comcast's network, client devices determine whether content is authorized for delivering to client machines, Opp. at 6, is similarly irrelevant because determining whether content is authorized for delivery to client machines is not a claim step. Rather, the fact that it is authorized for delivery is simply a characteristic of the content located on the origin servers (which are also not alleged to be in the District).

4

(serving a resource) by "a second server." Reply Ex. 5 at Claim 1. Again, there is no allegation that either the first or second CDN server is located in the District, ▆▆▆▆▆▆▆ Reply Ex. 3 at 148:8-13 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

For its part, asserted claim 1 of the '347 Patent recites only "receiving" and "processing" a request. Reply Ex. 6 at Claim 1. Although Sandpiper CDN argues that its Complaint alleges that the request that is received and processed is a "client request," Opp at. 6, that is insufficient because ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *Compare* Dkt. No. 1 ¶ 65 ("[T]he accused Comcast CDN functionalities perform this step by utilizing ATC to allow a traffic router or traffic server to receive a client request[.]") *and id.* ¶ 67 ("ATC, utilized by the accused Comcast CDN functionalities, supports a variety of plugins . . . to form configurable layers of request processing[.]"), *with* Reply Ex. 3 at 149:14-20; Pape Decl. ¶ 8 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ The sending of a request by a client device (or any other piece of equipment) is not a claim step.

Finally, asserted claim 1 of the '876 Patent also recites "receiving" event data along with "producing" and "providing" state data. Reply Ex. 7 at Claim 1. Again, Sandpiper CDN nowhere alleges that any of those steps are performed here, ▆▆▆▆▆▆▆ *See* Reply Ex. 3 at 86:11-21, 148:11-13 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Instead, Sandpiper CDN asserts in its Opposition (but does not allege in its Complaint) that the event data may include requests originating from this District. Opp at 6-7. Since there is no claim step directed to the origination or sending of the event data, that allegation is irrelevant.

The nature of the Asserted Claims makes this case fundamentally different than *Seven Networks* and *RavenWhite*, on which the Opposition heavily relies. In *Seven Networks* it was

uncontested that the plaintiff explicitly alleged that at least one step of each of the claims was performed in the district. 315 F. Supp. 3d at 943.[5] In *RavenWhite*, the court found that the plaintiff had adequately pleaded that the steps of "displaying an advertisement" and "receiving a network request" were performed in the district because they were allegedly performed by the user's display and defendant's in-store WiFi routers, both located in the district. *RavenWhite Licensing LLC v. Home Depot, Inc.*, 2024 WL 4329023, at *2 (E.D. Tex. Aug. 13, 2024).[6] Here, Sandpiper CDN's Complaint contains no analogous allegations, nor could it. Without a claim step that is allegedly performed here, Sandpiper CDN's allegations (that some parts of Comcast's CDN are in the District and that certain steps "involve" users and clients that don't actually perform the steps) fail to establish proper venue.

## III. There Is No Evidence of Infringing Acts in the District

Implicitly recognizing its pleading failures, Sandpiper CDN has since conducted extensive jurisdictional discovery in an attempt to find a connection between the alleged infringement and this District. It has failed, and thus its Opposition puts forward no evidence that anything in the District allegedly performs the asserted steps. Opp at 8-10. Instead, Sandpiper CDN asserts only that discovery has "confirmed that Comcast operates its CDN in this District," which is insufficient. *Id.* at 8. Whether or not a part of Comcast's network resides in the District is irrelevant; what matters is whether any of the equipment allegedly used to perform

---

[5] Similarly, in *Blackbird Tech LLC v. Cloudflare, Inc.*, it was uncontested that "defendants make or use the accused functionality in California, thereby constituting 'acts of infringement' in satisfaction of § 1400(b)." 2017 WL 4543783, at *4 (D. Del. Oct. 11, 2017).

[6] The court in *AML IP, LLC v. J.C. Penny Corp. Inc.*, similarly relied on a step directed to providing a screen "at the user device" to find that the plaintiff had adequately pleaded the performance of a method step in the district. 2022 WL 10757631, at * 6 (W.D. Tex. 2022). There is no analogous step "at the user device" in any of the Asserted Claims here.

6

the claim steps is present here. *See Fare Techs.*, 2023 WL 367696, at *2 ("Plaintiff does not address the fundamental flaw in its venue allegations: the lack of an allegation that there is a server in this district that is capable of performing the accused functionality.").

Sandpiper CDN's Complaint identifies Apache Traffic Control as Comcast's CDN solution. *See* Dkt. No. 1 ¶¶ 27-30 ("Comcast employs a tier of servers, leveraging ATC as its in-house CDN"). More specifically, both its Complaint and its infringement contentions identify Apache Traffic Control, the Apache Traffic Server, and the traffic router as the elements of Comcast's CDN that allegedly practice the steps of all the Asserted Claims except for the '876 Patent. *See*, *e.g.*, Dkt. No. 1 ¶¶ 63, 87, 98, 106; Reply Ex. 8 at 2-3 ("The Accused Comcast CDN Functionalities include the Comcast products and services using Apache Traffic Control").



Reply Ex. 3 at 149:14-20

Reply Exs. 9, 10

For the '876 Patent, the Complaint and infringement contentions accuse event logging using Apache Kafka (Dkt. No. 1 ¶¶ 76, 81; Reply Ex. 11 at 11-12), and

*See* Reply Ex. 3 at 86:11-21, 148:11-13.

In light of this undisputed evidence, the Opposition's reliance on

Opp at 8-9.

Ex. A, Comcast's Supp. Resp. to Venue Interrog. Nos. 1 and 3; *cf.* Pape Decl. ¶¶ 6-8

7

██████████████████████████████████████████████

██████████████████████████████████████████ And the '347 Patent itself makes clear that clients and the transmission equipment connecting them to a CDN, are distinct from the CDN itself. *See* Reply Ex. 6 at 19 (Fig. 1-I showing "clients and client resolvers" outside of CDN). In any event, there is no allegation, ████████████████████████ ██████████████████████████████████ which is the only relevant inquiry. *See Fare Techs.*, 2023 WL 367696, at *2.

Similarly, nothing in Comcast's witness testimony or documents suggests the performance of any claim step in the District. Comcast's witness, Mr. Pape, explained that █ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████ Opp. at 9 (citing Reply Ex. 3 at 109:12-110:9). He similarly acknowledged that ██████████████████████████████████████████████████ *Id.* (citing Reply Ex. 3 at 40:21-41:4). ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████ *See supra* Section B. To the contrary, Mr. Pape repeatedly confirmed that ██████████████████████████████ *See* Reply Ex. 3 at 148:8-13, 149:14-20; Pape Decl. ¶¶ 4-8.

The Comcast marketing materials and press clippings to which the Opposition points are even further afield. Opp. at 10. None discuss the Eastern District of Texas (or Texas more generally). *See* Exs. D, E, F, G. Even if there are portions of Comcast's last-mile network in the District that provide benefits to Comcast or its customers, venue is still improper because there is no allegation or evidence that those portions of the network perform any claim steps.

8

Finally, Sandpiper CDN's attempt to marshal evidence that Comcast's CDN includes more than CDN servers and refashion its claims to capture those (unidentified) additional network elements must be rejected. Opp. at 11-14. It is the servers and the software on them that are alleged to perform the actual claim steps.[7] *See* Dkt. No. 1 ¶¶ 61-74, 85-118 (accusing Traffic Router and plugin components of Apache Traffic Control and Apache Traffic Server, software that runs on CDN servers, "servers that comprise memory and processors," "repeater server[s]," and "CDN cache server(s)" of performing steps of the Asserted Claims). Whether other parts of Comcast's network are necessary for customers to access Comcast's CDN services is irrelevant because customer access is not a step in any of the claims. To borrow Sandpiper CDN's postal service analogy, Opp. at 13-14, it is entirely proper to look only at the location of the centralized sorting and distribution centers when the patent claims recite only the steps of "sorting" and "distributing." Indeed, it is required. In such a case, mail delivery workers and mailboxes do not perform any of the claim steps and thus do not infringe. Whether the mail delivery workers and mailboxes are located in the District is thus irrelevant; what matters is where the centers conducting the "sorting" and "distributing" are located. In this case, not a single piece of evidence suggests that any of the equipment that allegedly performs any of the asserted claim steps is located in this District.

## IV.  Leave to Amend Is Futile

Finally, the Court should reject Sandpiper CDN's request for leave to amend because its proposed amendments are futile. None of the facts that it proposes to add to its Complaint allege

---

[7] A server is simply a computer that provides resources, data, services, or programs to another computer over a network. If Sandpiper CDN contends that a different type of equipment performs the claim steps, it has not identified what that would be, let alone established that it resides in this District.

9

that any of the asserted method steps are performed in the District. Opp at 16-17. As explained

above, it is irrelevant whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See supra* Section B. Similarly, whether

Comcast ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.* ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Sandpiper CDN therefore cannot establish proper venue for any of the

Asserted Patents, let alone all of them. *Quartz Auto Techs. LLC v. Lyft, Inc.*, 2021 WL 1177886,

at *3 (W.D. Tex. March 29, 2021) (plaintiff's burden of establishing venue exists for each

patent). Accordingly, this case must be dismissed or, in the alternative, transferred to the Eastern

District of Pennsylvania, where venue would be proper.[8] Mot. at 12.

---

[8] Contrary to Sandpiper CDN's assertion, Comcast's witness did not say ▮▮▮▮▮▮▮▮▮▮ Opp at. 16. ▮▮▮▮▮▮▮ *See* Reply Ex. 3 at 14:13-18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Comcast's witness simply explained ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 57:20-58:1. In any event, now that Comcast Corporation has been dismissed from the case, venue would also be proper in the District of Delaware, where the two remaining defendants reside.

| | |
|---|---|
| Date: June 3, 2025 | Respectfully submitted, |
| | /s/ David J. Lisson |
| | Deron Dacus (State Bar No. 00790553) |
| | THE DACUS FIRM, P.C. |
| | 821 ESE Loop 323, Suite 430 |
| | Tyler, TX 75701 |
| | Tel: (903) 705-1117 |
| | ddacus@dacusfirm.com |
| | |
| | DAVIS POLK & WARDWELL LLP |
| | Ashok Ramani (CA Bar No. 200020) |
| | David J. Lisson (CA Bar No. 250994) |
| | James Y. Park (CA Bar No. 343659) |
| | Yao Chen (CA Bar No. 342963) |
| | 900 Middlefield Road, Suite 200 |
| | Redwood City, CA 94063 |
| | ashok.ramani@davispolk.com |
| | david.lisson@davispolk.com |
| | james.park@davispolk.com |
| | xueyao.chen@davispolk.com |
| | |
| | *Counsel for Defendants Comcast Cable Communications and Comcast Cable Communications Management, LLC* |

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ David J. Lisson
David J. Lisson

11

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025 true and correct copies of the foregoing COMCAST'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER were served upon the following as indicated:

| | |
|---|---|
| SHOOK HARDY & BACON LLP<br>Robert H. Reckers<br>Andrew M. Long<br>Cesar Udave<br>JPMorgan Chase Tower<br>600 Travis Street, Suite 3400<br>Houston, TX 77002<br>rreckers@shb.com<br>amlong@shb.com<br>cudave@shb.com<br><br>B. Trent Webb<br>Max McGraw<br>Mary J. Peal<br>2555 Grand Boulevard<br>Kansas City, MO 64108<br>bwebb@shb.com<br>mmcgraw@shb.com<br>mpeal@shb.com<br><br>*Counsel for Plaintiff Sandpiper CDN, LLC* | ☒ Via Email<br>☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via First Class Mail |
| GILLAM & SMITH LLP<br>Melissa Richards Smith<br>303 South Washington Avenue<br>Marshall, TX 75670<br>melissa@gillamsmithlaw.com<br><br>*Counsel for Plaintiff Sandpiper CDN, LLC* | ☒ Via Email<br>☐ Via Overnight Courier<br>☐ Via Hand Delivery<br>☐ Via First Class Mail |

*/s/ Angela Quach*
Angela Quach
Senior Litigation Paralegal